IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND

KENNETH W. MERSON, SR.,     *
     Plaintiff,

                          *

v.                             CIVIL ACTION NO: RDB-04-2979

                          *

ANTHONY J. PRINCIPI,
Secretary of the            *
UNITED STATES DEPARTMENT OF
VETERANS AFFAIRS,       *
     Defendant.

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

### MEMORANDUM OPINION

This is an employment discrimination action brought by Plaintiff Kenneth W. Merson against

Secretary Anthony J. Principi in his capacity as Secretary of the United States Department of Veterans

Affairs ("VA").  Merson is a Caucasian male who has been employed by the VA for thirty-three years.

Merson applied for and was rejected for two positions within the VA.  Prior to applying to those

positions, Plaintiff filed discrimination complaints implicating the same supervisor who made the decision

not to promote him.  After exhausting his administrative remedies, Plaintiff filed suit in this Court on

September 17, 2004.  Specifically, he alleges failure to hire/promote (Counts I & III) and retaliation

(Counts II & IV) under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of

1991, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII").

Pending before the Court is Defendant's Motion for Summary Judgment, pursuant to Rule 56

of the Federal Rules of Civil Procedure.  Despite the fact that discovery has not yet commenced in this

case, Defendant contends that there are no genuine issues of material fact in light of the extensive

administrative record created by virtue of the VA Office of Equal Employment Opportunity's ("EEO")

investigation.  In opposition, Plaintiff argues that discovery is warranted in light of the factual disputes

raised by the administrative record.  The issues have been fully briefed, and no hearing is necessary.

*See* Local Rule 105.6 (D. Md. 2004).  For the reasons that follow, the Court will DENY Defendant's

Motion for Summary Judgment.

## I.   <u>Background</u>

Plaintiff Merson is a white male who resides in Maryland.  Merson has worked for the VA at

the VA's medical facility located in Perry Point, Maryland ("Perry Point facility") since January 1980.

In 1999, Merson filed several complaints of discrimination with the VA Equal Employment

Opportunity office ("EEO").  Jerry Diggs, an African-American male, was a responding management

official in the 1999 case, and Diggs was aware of Merson's EEO activity.  (Def.'s Mem. Supp. Summ.

J. Ex. 1 at 14-15.)[1]  In June of 2001, Merson's 1999 EEO complaint was resolved when he reached a

settlement with the VA under which he was promoted from the position of environmental care specialist

in the housekeeping division of the Perry Point facility to the position of assistant textile care manager in

the laundry division of that facility.

In May of 2001, Merson applied to the open position of assistant hospital housekeeping officer

at the Perry Point facility.  Merson was found to be qualified for the position, and his name was

forwarded to the hiring official, Jerry Diggs.  (Def.'s Mem. Supp. Summ. J. at 4 ¶ 4.)  Darrell Manuel,

an African-American male, also applied for the assistant hospital housekeeping officer position.

(Johnson Aff. at 5.)  However, the VA's human resources office found Manuel unqualified for the

position because he had insufficient time at the GS-11 grade.  (*Id.*)  Merson was the only qualified

---

[1]Exhibit 1 of Defendant's Memorandum in Support of the Motion for Summary Judgment is the hearing transcript from the administrative hearing before the Equal Employment Opportunity Commission Administrative Judge.

candidate whose name was forwarded to Diggs.  (*Id.*)

Instead of selecting Merson for the position, Diggs elected to cancel the vacancy.  (*Id.*)  Diggs returned the selection form to the human resources office indicating that "outside or other recruitment is requested for the following specified reason . . . ."  (Def.'s Mem. Supp. Summ. J. Ex. 2C-8.)  Diggs did not provide a reason for the requested additional recruitment.  (*Id.*)  Diggs testified that he did not recall why the position was cancelled, but he believed that it was because the position had changed.  (Def.'s Mem. Supp. Summ. J. Ex. 2C-8.)  He later testified that the position was  cancelled to give Diggs the opportunity to reevaluate the structure of the environmental management service branch.  (Def.'s Mem. Supp. Summ. J. Ex. 1 at 261.)    Two days after he cancelled the assistant housekeeping officer vacancy, on August 12, 2001, Diggs transferred Manuel from a position at the GS-10 grade to the GS-11/12 grade position of environmental care specialist.  (*See* Def.'s Mem. Supp. Summ. J. Ex. 1 at 229-230.)  In that position, Manuel would be able to obtain the "time in grade" to render him qualified for the assistant hospital housekeeping officer position.  (*See id.*)  On April 7, 2002, Manuel was again transferred by Diggs into the "temporary promotion" as the acting assistant hospital housekeeping officer–effectively the same position that had previously been advertised.  (Def.'s Mem. Supp. Summ. J. Ex. 2 at 4.)

Meanwhile, on May 21, 2002, Merson received a performance evaluation from his direct supervisor, Steve Parrish.  Parrish gave Merson the highest possible rating for the categories of maintaining effective relations with co-workers, supporting the VA's EEO programs, and organizational planning and managing human resources.  (Def.'s Mem. Supp. Summ. J. Ex. C21.)

Thus when, on June 27, 2002, Diggs re-announced the position of assistant hospital

housekeeping officer, Merson reapplied for the position.  (*Id.* at 191.)  His name was once again

forwarded to Diggs as a qualified candidate.  (*Id.* at 193.)  While Manuel also applied for the position,

and was certified, he was qualified at the GS-11 grade, whereas Merson was qualified at the GS-12

grade.  (*Id.*)  Nonetheless, both candidates were certified as qualified applicants for the position, and

Diggs ultimately selected Manuel for the position.

Although he interviewed neither candidate, Diggs testified that he met with three of the four

first-line supervisors who had worked for Merson.  (Def.'s Mem. Supp. Summ. J. Ex. 1 at 269-270,

276.)  None of the three supervisors recall discussing Merson with Diggs.  (Verill Aff. at 5; Tesch Aff.

at 3; Smith Aff. at 3.)  There is no indication that Diggs met with or had any discussions with Merson's

direct supervisor, Steve Parrish.

Although there is literally no documentary evidence in the record as to why Diggs chose Manuel

over Merson, Diggs has testified to the following purported justifications for the decision: (1) Diggs was

familiar with, and was favorably impressed by, Manuel's performance as the environmental care

specialist (Def.'s Mem. Supp. Summ. J. Ex. A1 at 206, 284); (2) Diggs knew that Manuel worked well

with union employees (*Id.* at 269) whereas Manuel worked poorly with union employees (*Id.* at 275);

(3) while Merson was the environmental care specialist at the Perry Point facility, several EEO

complaints were filed against him, and he had difficulty getting along with the employees.  (*Id.*)

In late 2002, Merson filed an EEO complaint of discrimination and retaliation as a result of his

non-selection for the two vacancies for which he had applied.  An administrative hearing was held

before the Equal Employment Opportunity Commission ("EEOC"), and a final administrative finding

was made.[2]  On September 17, 2004, Plaintiff filed the instant Complaint in this Court.

## II.   <u>Standard of Review</u>

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment "shall be

rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file,

together with the affidavits, if any, show that there is no *genuine* issue as to any *material* fact and that

the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c) (emphasis added).

In *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986), the Supreme Court explained that only

"facts that might affect the outcome of the suit under the governing law" are *material*. *Anderson*, 477

U.S. at 248.  Moreover, a dispute over a material fact is *genuine* "if the evidence is such that a

reasonable jury could return a verdict for the nonmoving party." *Id.* The court further explained that, in

considering a motion for summary judgment, a judge's function is limited to determining whether

sufficient evidence supporting a claimed factual dispute exists to warrant submission of the matter to a

jury for resolution at trial. *Id*. at 249.  In that context, a court must consider the facts and all reasonable

inferences in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith

Radio Corp.*, 475 U.S. 574, 587 (1986).

However, "[w]hen the moving party has met its responsibility of identifying the basis for its

motion, the nonmoving party must come forward with 'specific facts showing that there is a genuine

issue for trial.'" *White v. Rockingham Radiologists, Ltd.*, 820 F.2d 98, 101 (4th Cir. 1987) (quoting

*Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); Fed. R. Civ. P. 56(e)).  Thus, Rule 56

---

[2]Neither party submitted the ultimate administrative finding.  However, there is no dispute that
such a finding was made.  Accordingly, Plaintiff's claims are properly before this Court.

mandates summary judgment against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322.

A genuine issue of material fact may exist if the evidence presented to the court is sufficient to indicate the existence of a factual dispute that could be resolved in favor of the non-moving party at trial. *Rachael-Smith v. FTDATA, Inc.,* 247 F. Supp. 2d 734, 742 (citing *Anderson*, 477 U.S. at 248-49). Moreover, any inferences drawn from disputed evidence must be accorded to the non-moving party. *See Matsushita,* 475 U.S. at 587-88; *Pulliam Investment Co., Inc. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987).

**III.    Analysis**

As a preliminary matter, the Court notes that no discovery has occurred in this case. Defendant contends that no discovery is necessary because the administrative process provided Plaintiff with adequate discovery. The Court finds that argument to be without merit. As Plaintiff aptly notes, he is entitled to receive a *de novo* review of his claim by this Court without regard to the administrative record below. *See Chandler v. Roudebush,* 425 U.S. 840 (1976); *see also Caraway v. Postmaster General of U.S.*, 678 F. Supp. 125, 128 (D. Md. 1988) (recognizing that *de novo* review is not necessary where administrative process grants relief). In this case, Plaintiff has submitted an affidavit, pursuant to Rule 56(f) of the Federal Rules of Civil Procedure,[3] which sets forth various discovery

---

[3]Rule 56(f) provides: "Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just."

which Plaintiff argues is necessary in order to support his employment discrimination claims.  With

regard to such Rule 56(f) affidavits, the Fourth Circuit has noted that, "[t]he purpose of the affidavit is

to ensure that the nonmoving party is invoking the protections of Rule 56(f) in good faith and to afford

the trial court the showing necessary to assess the merit of the party's opposition."  *Chernova v.*

*Electronic Syss. Services*, 247 F. Supp. 2d 720, 723 (D. Md. 2003) (quoting *Harrods Ltd. v. Sixty*

*Internet Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002)).  Based upon a review of the record,

and of Plaintiff's Affidavit and Opposition, this Court finds that Plaintiff has invoked Rule 56(f) in good

faith, and that further discovery is necessary for this Court to properly evaluate the merits of Plaintiff's

claims.  Accordingly, Defendant's Motion for Summary Judgment must be denied.

In addition, a brief examination of the merits of Defendant's Motion is warranted.  As discussed

below, triable questions of material fact are evident even based upon the limited record now before the

Court.

Plaintiff's Complaint alleges:  failure to hire/promote (Counts I & III) and retaliation (Counts II

& IV) under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42

U.S.C. §§ 2000e, *et seq.* ("Title VII").[4]  The Court will first analyze Defendant's arguments as to the

---

[4]Plaintiff seeks relief both for the May 2001 vacancy for the assistant hospital housekeeping officer position, which Diggs cancelled, and for the June 2002 "re-announcement" of that position.  In the Defendant's Reply in Support of Summary Judgment, Defendant argues that the May 2001 claim must fail because Plaintiff failed to contact an EEO counselor within 45 days as required by 29 C.F.R. §1615.105(a)(1).  Plaintiff acknowledged that he received a notification that the vacancy was being cancelled on March 19, 2002 and that he did not contact an EEO counselor until October 2, 2002. (Pl.'s Opp. at 8.)  However, the March 19, 2002 notice states that the vacancy was "closed out with no selection" and assures Plaintiff that it will be "re-announced soon."  (Def.'s Mem. Supp. Summ. J. Ex. 2b9.)  Thus, based on the record before the Court, it appears that no adverse employment action was actually taken until March of 2002.  However, at this stage of the proceeding, a determination as

retaliation claim, concluding with an examination of the arguments pertaining to the failure to promote claim.

### A.      Retaliation under Title VII (Counts II & IV)

In Counts II & IV of his Complaint, Merson alleges that Diggs' decision not to promote him to the assistant housekeeping position was in retaliation for Merson's previous discrimination complaints. As Plaintiff has presented no direct evidence of retaliation, he must rely upon the framework set forth by the Supreme Court in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973). *See Williams v. Cerberonics, Inc.,* 871 F.2d 452, 457 (4th Cir.1989).   Under *McDonnell Douglas*, Plaintiff must first establish a prima facie case of retaliation, whereupon the burden shifts to the employer to establish a legitimate non-retaliatory reason for the action. *Id.* If Defendant sets forth a legitimate, non-retaliatory explanation for the action, Plaintiff then must show that the employer's proffered reasons are pretextual, or his claim will fail. *Id.* Plaintiff can offer proof of pretext by showing that the "explanation is 'unworthy of credence' or by offering other forms of circumstantial evidence sufficiently probative of [retaliation]." *Mereish v. Walker,* 359 F.3d 330, 336 (4th Cir. 2004) (quoting *Tex. Dep't of Cmty. Affairs v. Burdine,* 450 U.S. 248, 256 (1981)).

To prove a prima facie case of retaliation, Plaintiff must show that (1) he engaged in a legally-protected activity; (2) an adverse employment action was taken against him; and (3) there was a casual connection between the first two elements. *Dowe v. Total Action Against Poverty*, 145 F.3d 653, 656 (4th Cir. 1998).  In this case, there is no dispute as to the first two of these elements, as Defendant

---

to the propriety of the May 2001 denial, as a separate claim, is premature.

acknowledges that Plaintiff filed previous EEO complaints against Jerry Diggs (Def.'s Mem. Supp. Summ. J. at 5), and that Plaintiff was not selected for a position for which he applied (*Id.*).

Defendant *does* dispute, however, that there is any causal connection between Plaintiff's complaints and the decision not to promote him.  Defendant's argument is based on three contentions. First, Defendant suggests that retaliation could not have motivated Diggs' decision because Manuel, who was ultimately selected for the position in issue, also engaged in EEO complaints against Diggs. Second, Defendant contends that the complaints were too far apart in time from Diggs' decision for the two to be causally related.  Third, Defendant argues that, Diggs offered Plaintiff a promotion in 2000, which he turned down.

As to Defendant's first argument, Manuel's prior EEO activity does not undermine Plaintiff's claim.  In 1999, Manuel filed a complaint alleging discrimination based on disability in connection with a proposed transfer.  (Def.'s Mem. Supp. Summ. J. Ex. 1 at 284.)  However, Manuel withdrew the complaint when Diggs offered him a different transfer.  (*See id.*)  Manuel's prior complaints concerning disability therefore have little, if any, relevance on the issue of whether Diggs' decision not to promote Plaintiff was motivated by retaliation.

Defendant's second argument is likewise without merit.  Courts have recognized that the amount of time between a discrimination complaint and an adverse employment action is relevant to the question of causation.  *See, e.g., Williams*, 871 F.2d at 457 (showing that firing occurred three months after filing of discrimination complaint was sufficient to establish causation); *Carter v. Ball*, 33 F.3d 450, 460 (4th Cir. 1994) (finding four-month separation between filing of charges and employee's termination sufficient to establish prima facie case).  According to Defendant, Plaintiff's 1999

9

complaints were simply too far apart from Diggs' ultimate decision not to promote him in 2002. However, as Plaintiff points out, Diggs was involved in ongoing discussions regarding Plaintiff's discrimination complaints until a settlement was reached between the parties in June of 2001–just months before Diggs made the decision to cancel the first posting of the assistant hospital housekeeping officer position. Thus, the record before the Court actually *supports* the inference that Diggs' actions were retaliatory, and the evidence would certainly not, as Defendant suggests, render Plaintiff's claims unavailing.

Finally, Defendant argues that any inference of causation is rebutted by the fact that Diggs offered him a promotion in 2000, which he declined. However, that fact is very much in dispute. In 2000, Diggs contends that Merson applied for a position as the assistant hospital housekeeping officer at the VA's Loch Raven medical facility in Baltimore, Maryland. (Def.'s Mem. Supp. Summ. J. Ex. 1 at 295.) Diggs also submits that he selected Merson from a list of qualified candidates, and that Merson turned the position down. (*Id.* at 295-297.) However, Plaintiff contends that the position was offered to him by way of settlement for his EEO complaint, and that he turned it down because it was not a promotional opportunity, and because he did not like the location. (*Id.* at 101.) At best, Defendant's assertion points to a genuine issue of material fact which precludes summary judgment.

Alternatively, Defendant argues that Plaintiff's retaliation claim fails even if he could establish a prima facie case of retaliation because Plaintiff cannot demonstrate pretext. Diggs offered the following legitimate non-retaliatory justifications for his decision: (1) Diggs was familiar with, and was favorably impressed by, Manuel's performance as the environmental care specialist (Def.'s Mem. Supp. Summ. J. Ex. A1 at 206, 284); (2) Diggs knew that Manuel worked well with union employees (*Id.* at 269)

10

whereas Manuel worked poorly with union employees (*Id.* at 275); (3) while Merson was the environmental care specialist at the Perry Point facility, several EEO complaints were filed against him, and he had difficulty getting along with the employees. (*Id.*)

However, even given the limited record before this Court, Plaintiff has adduced sufficient evidence of pretext to survive summary judgment. As previously noted, there is literally no documentary evidence providing any kind of consistent and rationale explanation as to why Diggs canceled the first vacancy, and as to why he selected Manuel over Merson. In addition, Diggs testified that he met with three of the four first-line supervisors who had worked for Merson. (Def.'s Mem. Supp. Summ. J. Ex. 1 at 269-270, 276.) Yet, none of the three supervisors recall discussing Merson with Diggs. (Verill Aff. at 5; Tesch Aff. at 3; Smith Aff. at 3.) Moreover, there is no indication that Diggs met with or had any discussions with Merson's direct supervisor, Steve Parrish, or that Merson made any efforts to interview Merson or to review his personnel file. Finally, while Diggs cites Merson's difficulty in working with people, and complaints pertaining thereto as a basis for not promoting him, Diggs has failed to demonstrate precisely how he knew of these problems. Diggs acknowledged that he never supervised Merson personally. (Def.'s Mem. Supp. Summ. J. Ex. 2b at 1-2.) Furthermore, Merson's actual supervisor rated him highly in the areas in which Diggs contends that he was weak. (*See* Def.'s Mem. Supp. Summ. J. Ex. C21.) According Plaintiff every favorable inference, as this Court must at this stage, Plaintiff has adduced sufficient evidence to create a jury question as to whether Defendant's proffered explanations are mere pretext for retaliation.

### B.    <u>Failure to Promote under Title VII–(Counts I & III)</u>

The Court's analysis of Plaintiff's failure to promote claims is very similar. Plaintiff has adduced

11

only indirect evidence of discrimination, and therefore must proceed under the burden shifting *McDonnell Douglas* analysis.  To establish a cause of action for failure to promote based on race under Title VII, the plaintiff bears the initial burden of proving a prima facie case of discrimination. *McDonnell Douglas Corp.*, 411 U.S. at 802.  To meet this burden here, Merson must show that: (1) he is a member of a protected group; (2) he applied for the position in question; (3) he was qualified for the position; and (4) he was rejected under circumstances giving rise to an inference of unlawful discrimination. *Carter v. Ball,* 33 F.3d 450, 458 (4th Cir. 1994).

Plaintiff has satisfied all of these elements.  He is a Caucasian male who twice applied for the open position of assistant hospital housekeeping officer.  The human resources office of the VA twice certified him as a qualified candidate and forwarded his name to Diggs for consideration.  In addition, Plaintiff satisfies the fourth element because he has demonstrated that the position was filled by an African American candidate. *See id.*

Once again, Defendant suggests that Plaintiff cannot prevail because he has failed to adduce sufficient evidence of pretext.  In addition to the arguments discussed previously, Defendant asserts that any evidence of pretext proffered by Plaintiff is rebutted by the fact that, according to his testimony, Diggs hired at least two Caucasians for the position of assistant hospital housekeeping officer for Perry Point.  (Def.'s Mem. Supp. Summ. J. Ex. 1 at 287.)  While that fact may be somewhat probative on the issue of whether Diggs' decision not to promote Merson was based upon Merson's race,[5] the

---

[5]The probative effect of the evidence is undermined by the fact that Defendant has failed to submit evidence pertaining to the pool of candidates and to the circumstances under which these employees were hired.

evidence does not foreclose Plaintiff's claim.  Rather, Defendant has again highlighted a factual dispute on which the Defendant seeks to have this Court draw inferences in its favor.  In addition, the Court notes that the previously-discussed analysis of pretext applies equally to Plaintiff's failure to promote claims.  For these reasons, Defendant's arguments in support of summary judgment are unavailing, and the Defendant's Motion will therefore be denied.

In sum, Defendant's Motion for Summary Judgment is premature.  There are numerous factual disputes which warrant, at the very least, further discovery.

## IV.   <u>Conclusion</u>

For the reasons set forth above, Defendant's Motion for Summary Judgment will be DENIED. A separate Order will follow.


              /s/
              Richard D. Bennett
              United States District Judge

Dated:   August 5, 2005